IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALISHAEV BROTHERS AY INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, NEIL COHEN, and UNNAMED AGENTS OF UNITED STATES CUSTOMS AND BORDER PROTECTION,<br>Defendants. | **COMPLAINT**<br><br>12 CV_____ (    ) |

Plaintiff, Alishaev Brothers AY Inc., by their attorneys, Susan G. Kellman and Schlam Stone & Dolan LLP, by Andrew J. Frisch and Jolene F. LaVigne-Albert, as and for its complaint against defendants, United States of America, United States Customs and Border Protection ("USCBP"),  Neil Cohen, and unnamed agents of the USCBP, allege as follows:

## NATURE OF THE ACTION

1.      This is an action brought to recover property wrongfully seized from the plaintiff, Alishaev Brothers AY Inc. ("Alishaev Brothers"), by the defendants, United States of America and United States Customs and Border Protection ("USCBP"), through its agents Neil Cohen and unnamed agents of the USCBP.  In the alternative, Plaintiff seeks a monetary judgment in the amount of the value of the property illegally seized by the defendants, but in no event less than $4 million.  Plaintiff further seeks a monetary judgment for damages it sustained as a result of the illegal seizure, punitive damages, cost and attorneys' fees, and seeks a permanent injunction to enjoin Defendants from any future unlawful seizures.

2.     The property at issue consists of five shipments of gold jewelry that Alishaev Brothers was expecting in May-June, 2021 (the "Seized Gold"), namely:

   a.   A shipment from South Africa, valued at $536,758.34, with a packing list dated May 7, 2021.  (*See* Elishaev Decl. at Ex. A.)  Upon information and belief, this shipment arrived at JFK Airport on May 10, 2021, on flight TK 003. (*See* Elishaev Decl. at Ex. A.)

   b.   A shipment from Indonesia, valued at $492,460.12, with a packing list dated May 20, 2021.  (*See* Elishaev Decl. at Ex. B.)  Upon information and belief, this shipment arrived at JFK Airport on May 25, 2021, on flight CX 3298.

   c.   A shipment from Indonesia, valued at $1,361,473.98, with a packing list dated June 3, 2021.  (*See* Elishaev Decl. at Ex. C.)  Upon information and belief, this shipment arrived at JFK Airport on June 8, 2021, on flight CX 3298.

   d.   A shipment from South Africa, valued at $429,652.45, with a packing list dated June 11, 2021.  (*See* Elishaev Decl. at Ex. D.)  Upon information and belief, this shipment arrived at JFK Airport on June 14, 2021, on flight TK 003.

   e.   A shipment from Indonesia, valued at $1,158,150.36, with a packing list dated June 10, 2021.  (*See* Elishaev Decl. at Ex. E.)  Upon information and belief, this shipment arrived at JFK airport on June 14, 2021, on flight CX 798.

3.     Plaintiff is the outright owner of the Seized Gold. Without any judicial or administrative notice or due process, the plaintiff's property, gold jewelry valued at approximately $4 million in total, was seized by Defendants. Defendants have no legal right to seize and/or restrain the property described hereinabove.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 88 (1971), the Fourth and Fifth Amendments to the United States Constitution and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.; 28 U.S.C. § 1346(b).

5.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1346(b).

6.      This Court also has jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 702, because the Plaintiff alleges wrongful agency action not in conformity with a defined statutory forfeiture scheme. 18 U.S.C. §§981 *et seq*.; 21 U.S.C. § 881; 19 U.S.C. §§ 1607 *et seq*.; 28 C.R.F. §§ 9.1-9.9.

7.      This Court has supplemental and ancillary jurisdiction over the Plaintiff's contractual and conversion claims pursuant to 28 U.S.C. § 1367(a), because the claims are so related to claims in this action as to which the Court has original jurisdiction as to form part of the same case or controversy.

8.      Venue is proper in the United States District Court of the Eastern District of New York under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred at JFK Airport, which is located in the Eastern District of New York.

## THE PARTIES

9.      Plaintiff Alishaev Brothers AY Inc., is a corporation duly formed under that laws of the State of New York with its principal place of business located at 20 West 47th Street, New York NY 10036. Plaintiff is engaged in the business of selling jewelry and previous stones.

10.      Defendant United States of America, by virtue of the Federal Torts Claim Act, 28 U.S.C. §2671 *et seq*., is liable for the wrongful actions of its agents employed by the USCBP.

11.     The United States Customs and Border Protection ("USCBP") is an agency of the United States of America.

12.     Neil Cohen is employed by USCBP.

13.     Unnamed agents of the USCBP are other unknown agents of the USCBP who participated in the unlawful seizure described herein.

## STATEMENT OF FACTS

14.     Before June 16, 2021, Alishaev Brothers became aware that the Seized Gold was being held at JFK Airport by USCBP.  Natanielle Elishaev, Alishaev Brothers' manager, contacted USCBP about it. After ten unanswered calls to USCBP, Mr. Elishaev reached a USCBP employee who identified himself as Neil Cohen.  After Mr. Elishaev had identified himself and the reason for his call, Mr. Cohen immediately and erroneously claimed that he and Mr. Elishaev had spoken before, but Mr. Elishaev had never before spoken to Mr. Cohen and told him as much.  Mr. Cohen asked for Mr. Elishaev's name and contact number, and said that he would call him back.

15.     On June 17, 2021, Mr. Elishaev received a phone call from someone who identified himself as Neil Cohen and they spoke for close to ten minutes. At the beginning of the call, Mr. Cohen insisted that Mr. Elishaev was affiliated with a particular shipping company which he identified, and that he had no intention of releasing the five packages.  He asked if Mr. Elishaev thought he was "stupid," and said, "You know what you did."  When Mr. Elishaev told Mr. Cohen that he did not know to what he was referring, Mr. Cohen explained in substance that USCBP had mistakenly released a shipment containing 18 karat gold jewelry to a company known as Brilliant Timepiece. USCBP had demanded its return, but, according to Mr. Cohen, the package returned to USCBP by Brilliant Timepiece contained jewelry not made of 18 karat gold.

Mr. Cohen accused Mr. Elishaev of having been involved with these events, that Mr. Elishaev had committed larceny, and threatened that Mr. Elishaev could be subjected to a $200,000 fine. Mr. Cohen said in substance: "You guys are all the same to me." Mr. Elishaev explained to Mr. Cohen that Brilliant Timepiece was a different company. Further, Mr. Elishaev explained that he was calling on behalf of Alishaev Brothers AY Inc., and asked what was needed from him in order to release the five packages belonging to Alishaev Brothers. Mr. Cohen then demanded that Alishaev Brothers return the original shipment sent by USCBP to Brilliant Timepiece. Mr. Cohen said that until Alishaev Brothers returned the jewelry sent to Brilliant Timepiece, he would keep every incoming package addressed to Alishaev Brothers through eternity, and that Alishaev Brothers would never see any shipment that might pass through USCBP.

16. Alishaev Brothers and Brilliant Timepiece have family relations and used to work together. But in November 2018, the two entities split and created separate companies: Brilliant Timepiece and Diamonds Inc. and Alishaev Brothers AY Inc. Brilliant Timepiece has bought merchandise from Alishaev Brothers in the past, but Alishaev Brothers has never bought items from Brilliant Timepiece. Alishaev Brothers never had any involvement with any shipment addressed to Brilliant Timepiece, including the one described by Mr. Cohen or whatever may have been returned by Brilliant Timepiece to USCBP. In addition, Alishaev Brothers never ordered merchandise on behalf of Brilliant Timepiece. The five packages described above that have been illegally seized by USCBP are the property of Alishaev Brother, not Brilliant Timepiece, and will be sold by Alishaev Brother, not by Brilliant Timepiece.

17. Alishaev Brothers never received any paperwork regarding the seizures of the five packages described above.

18.    Alishaev Brothers has been and continues to be irreparably prejudiced by USCBP's illegal seizure of the five shipments and its threat illegally to seize other prospective incoming shipments.  The value of gold fluctuates from day to day and hour to hour.  The price at which Alishaev Brothers is able to sell gold jewelry fluctuates depending on the current price of gold.  Based on the reliable information provided on the website www.kitco.com, the price of gold rose from around $1,840/oz on May 3, 2021, to about $1,900/oz on June 3, 2021.  The price was still over $1860/oz as of June 15, but has since dropped to $1,790/oz (as of June 23, 2021).  (*See* Elishaev Decl. at ¶ 6 & Ex. F.) Meanwhile, Alishaev Brothers' packages arrived at JFK on May 10, May 25, June 8, and June 14.  Therefore, had Alishaev Brothers received its gold merchandise in the seized packages in the days following their arrival at JFK, as it should have, it could have benefited from the higher price of gold.

19.    Alishaev Brothers has already lost in excess of $250,000 as a result of USCBP's illegal seizure of the five packages of gold jewelry.

20.    In addition to the decrease in the value of gold, while USCBP has illegally retained the five shipments, Alishaev Brothers has been forced to direct overseas suppliers to hold off sending shipments to Alishaev Brothers in light of Mr. Cohen's threat that he would continue to detain any such shipments addressed to Alishaev Brothers without any legal process.  This has slowed Alishaev Brothers' business, added significantly to its losses, and has negatively impacted its overseas suppliers and as a result, its relationship with them.  If USCBP continues to illegally hold the five packages described above, and/or continues to illegally seize the company's packages, it will create serious problems with its overseas suppliers.  If Alishaev Brothers lose its overseas supplies, it will be very difficult to find new quality and trustworthy suppliers.  Mr. Elishaev's declaration attaches examples of emails with suppliers notifying them

to hold shipments, and their responses.   One supplier stated "this decision you are taking puts us in a very difficult situation" and "I really hope you can find a solution for this unpleasant situation for both sides." (Elishaev Decl. at Ex. G.)  Another supplier was slightly more understanding, but still required Alishaev Brothers to pay for the shipments it cannot receive at this time.  (*Id*. at Ex. H.)

21.      In addition, several customers who were expecting Alishaev Brothers to send them merchandise from the five illegally seized shipments have already cancelled their orders due to the delay.  Mr. Elishaev's declaration attaches examples of emails from two customers who cancelled their orders because Alishaev Brothers was not able to provide the requested merchandise, as it was being held by USCBP.  (Elishaev Decl. at Ex. I.)  Other customers have inquired as to the status of their orders and may cancel.  Mr. Elishaev's declaration attaches a compilation of messages from customers asking for the merchandise held by USCBP.  (*Id*. at Ex. J.) All of this delay threatens the relationships between Alishaev Brothers and its customers, more of whom will likely cancel orders as the delay continues and may bring their business to competitors.  The jewelry business is highly competitive, and once a customer starts dealing with a competitor, it becomes much harder—and often impossible—to regain their business. This has already caused Alishaev Brothers irreparable harm, and is causing it additional harm every day that goes by.

## FIRST CAUSE OF ACTION
### (Fourth Amendment Seizure)
### Against Neil Cohen and Unnamed Agents of the USCBP

22.      The Plaintiff repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 21.

23.     By seizing Plaintiff's property without a warrant, and without any finding of probable cause or wrongdoing by Plaintiff, and by threatening to continue to seize more of Plaintiff's property without a warrant, or any finding of probable cause or wrongdoing by Plaintiff, Defendants, acting under color of law and their authority as federal agents and/or officials, have intentionally, willfully, and/or recklessly violated the plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures.

24.     The Seized Gold is unique, and Plaintiff cannot be made whole through money damages alone.  Thus, absent injunctive relief, Plaintiff will suffer irreparable harm.

25.     Plaintiff seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) restraining and enjoining defendants Cohen and Unnamed Agents of the USCBP from disposing of the Seized Gold and requiring defendants Cohen and Unnamed Agents of the USCBP to return the Seized Gold to Plaintiff.

26.     Plaintiff furthers seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) enjoining defendants Cohen and Unnamed Agents of the USCBP from any future unlawful seizures of plaintiff's property.

27.     As a result of Defendants' illegal actions, Plaintiff has incurred damages and is entitled to compensatory and punitive damages against defendants Cohen and Unnamed Agents of the USCBP jointly and severally.

<u>**SECOND CAUSE OF ACTION**</u>
**(Fifth Amendment Due Process)**
**Against Neil Cohen and Unnamed Agents of the USCBP**

28.     The Plaintiff repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 27.

29.     By seizing Plaintiff's property without any procedure to contest the seizure, by stating that it would seize more of Plaintiff's property without any procedure to contest such future

8

seizures, defendants Cohen and Unnamed Agents of the USCBP, acting under color of law and their authority as federal agents and/or officials, have intentionally, willfully, and/or recklessly deprived the Plaintiffs of their property without due process of law, in violation of the Plaintiffs' rights under the Fifth Amendment.

30. The Seized Gold is unique, and Plaintiff cannot be made whole through money damages. Thus, absent injunctive relief, Plaintiff will suffer irreparable harm.

31. Plaintiff seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) restraining and enjoining defendants Cohen and Unnamed Agents of the USCBP from disposing of the Seized Gold and requiring defendants Cohen and Unnamed Agents of the USCBP to return the Seized Gold to Plaintiff.

32. Plaintiff furthers seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) enjoining defendants Cohen and Unnamed Agents of the USCBP from any future unlawful seizures of Plaintiff's property.

33. As a result of Defendants' illegal actions, Plaintiff has incurred damages and is entitled to compensatory and punitive damages against defendants Cohen and Unnamed Agents of the USCBP jointly and severally.

### THIRD CAUSE OF ACTION
**(Violation of Forfeiture Laws)**
**Against the United States Customs and Border Protection**

34. The Plaintiff repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 33.

35. In seizing Plaintiff's property without any process, and without any mechanism to contest the forfeiture or seizure, the defendant USCBP violated the laws governing both administrative and judicial forfeiture of property.

36. The Seized Gold is unique, and Plaintiff cannot be made whole through money damages. Thus, absent injunctive relief, Plaintiff will suffer irreparable harm.

37. Plaintiff seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) restraining and enjoining defendants Cohen and Unnamed Agents of the USCBP from disposing of the Seized Gold and requiring defendants Cohen and Unnamed Agents of the USCBP to return the Seized Gold to Plaintiff.

38. Plaintiff furthers seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) enjoining defendants Cohen and Unnamed Agents of the USCBP from any future unlawful seizures of Plaintiff's property.

39. As a result of Defendants' illegal actions, Plaintiff has incurred damages and is entitled to compensatory and punitive damages against defendants Cohen and Unnamed Agents of the USCBP jointly and severally.

### FOURTH CAUSE OF ACTION
**(Conversion – Federal Tort Claims Act)**
**Against the United States of America and United States Customs and Border Protection**

40. The Plaintiff repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 39.

41. As a result of the seizure and continued possession of the Plaintiff's property without legal right to do so, in violation of the Plaintiff's constitutional rights, the United States of America wrongly converted the Plaintiff's property by depriving Plaintiff of its property, and by exercising dominion and control over the property in a manner inconsistent with the Plaintiff's property rights so as to constitute the tort of conversion under New York law, where the relevant conduct occurred.

42.     Defendants USCBP, Neil Cohen, and unnamed agents of the USCBP were acting within the scope of their employment when Plaintiff suffered from their tortious conduct, and were working in their legal capacity as agents/employees of the United States of America.

43.     Plaintiff has attempted to raise its claims directly with the Defendants to contest the seizure, however, since Defendants have never filed any legal process, there is nothing that the Plaintiff can challenge administratively, thus violating the laws governing both administrative and judicial forfeiture of property procedures.

44.     As a proximate cause of the Defendants' tortious conduct, Plaintiff has been wrongfully deprived of property and is entitle to the return of such property and to compensatory and punitive damages against the USCBP, Neil Cohen, and other unnamed agents of the USCBP.

45.     The Seized Gold is unique, and Plaintiff cannot be made whole through money damages.  Thus, absent injunctive relief, Plaintiff will suffer irreparable harm.

46.     Plaintiff seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) restraining and enjoining defendants Cohen and Unnamed Agents of the USCBP from disposing of the Seized Gold and requiring defendants Cohen and Unnamed Agents of the USCBP to return the Seized Gold to Plaintiff.

47.     Plaintiff furthers seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) enjoining defendants Cohen and Unnamed Agents of the USCBP from any future unlawful seizures of Plaintiff's property.

48.     As a result of Defendants' illegal actions, Plaintiff has incurred damages and is entitled to compensatory and punitive damages against defendants Cohen and Unnamed Agents of the USCBP jointly and severally.

## FIFTH CAUSE OF ACTION
**(Negligence – Federal Tort Claims Act)**

**Against the United States of America and United States Customs and Border Protection**

49.     The Plaintiff repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 48.

50.     In seizing Plaintiff's property and depriving Plaintiff of any ability to administratively contest the taking in any forum, Defendants have breached their duty of care with respect to Plaintiff's property, so as to constitute negligence under New York law, where the relevant actions occurred.

51.     Defendants Neil Cohen and unnamed USCBP agents were acting within the scope of their employment by the USCBP when Plaintiff suffered from their tortious conduct and were working in their capacity as federal officials employed by the United States of America.

52.     The Plaintiff has attempted to raise its claim with the Defendants, through inquiries and communications, which have been unsuccessful, as Plaintiff has been told that its property would be held hostage by USCBP.

53.     As a result of Defendants' negligent and unlawful conduct, the Plaintiff has suffered injury in that they have been wrongfully deprived of property. Accordingly, Plaintiff is entitled to the return of such property and to compensatory and punitive damages against the USCBP, Neil Cohen, and other unnamed agents of the USCBP.

54.     The Seized Gold is unique, and Plaintiff cannot be made whole through money damages.  Thus, absent injunctive relief, Plaintiff will suffer irreparable harm.

55.     Plaintiff seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) restraining and enjoining defendants Cohen and Unnamed Agents of the USCBP from disposing of the Seized Gold and requiring defendants Cohen and Unnamed Agents of the USCBP to return the Seized Gold to Plaintiff.

56. Plaintiff furthers seeks a temporary restraining order and preliminary injunction (and ultimately a permanent injunction) enjoining defendants Cohen and Unnamed Agents of the USCBP from any future unlawful seizures of Plaintiff's property.

57. As a result of Defendants' illegal actions, Plaintiff has incurred damages and is entitled to compensatory and punitive damages against defendants Cohen and Unnamed Agents of the USCBP jointly and severally.

## SIXTH CAUSE OF ACTION
### (Temporary Restraining Order and Preliminary Injunction)

58. The Plaintiff repeats and re-alleges as if fully set forth herein the allegations contained in paragraphs numbered 1 through 57.

59. The Plaintiff has suffered, and will continue to suffer irreparable harm if USCBP continues to seize its property without any legal process.

60. The Plaintiff has a high likelihood of success on the merits. For one, extortion, even if performed by a federal agency or its agent, is a crime.

61. The Plaintiff is losing business every day that USCBP withholds its property and thus has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the entry of a temporary restraining order and/or an order for a preliminary injunction and/or order for a permanent injunction enjoining USCBP from unlawfully holding Plaintiff's property;

Entry of an order authorizing and directing the return of the property to the Plaintiff; and,

A judgment in favor of Plaintiff awarding compensatory damages in an amount that is fair, just and in conformity with the evidence; punitive damages for Defendants' violation of

constitutional, statutory and common law; and reasonable attorneys' fees and cost; and such other relief as the Court deems just and proper.

Dated: June 28, 2021
New York, NY

**LAW OFFICES OF SUSAN G. KELLMAN**

  /s/ Susan G. Kellman
Susan G. Kellman
25 8th Avenue
Suite C
Brooklyn, NY 11217
718.783.8200
sgk@kellmanesq.com

**SCHLAM STONE & DOLAN LLP**

   /s/ Andrew J. Frisch
Andrew J. Frisch
Jolene F. LaVigne-Albert
26 Broadway
New York, NY 10004
212.344.5400
afrisch@schlamstone.com
jlavignealbert@schlamstone.com